IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| JOHNNY HENNINGTON, #847512 | § | |
| | § | |
| V. | § | CIVIL ACTION NO. G-04-561 |
| | § | |
| DEPT. OF VETERAN AFFAIRS | § | |

**REPORT AND RECOMMENDATION**

Plaintiff Johnny Hennington, proceeding *pro se*, filed this civil rights complaint pursuant to 42 U.S.C. § 1983. The particularity with which Plaintiff has pleaded his claim makes it unnecessary, in this Court's opinion, to afford Plaintiff the customary opportunity to replead. A complaint which alleges sufficient facts to support its conclusions and maintain a cause of action, when viewed under the individual circumstances of the complaint, is adequate in demonstrating that a Plaintiff has pleaded his best case. *Jacquez v. Procunier*, 801 F.2d 789, 792-93, (5th Cir. 1986). Having thoroughly reviewed Plaintiff's complaint and amended complaint, this Court makes the following recommendation to the District Court.

When a plaintiff seeks to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915(a), the court may dismiss the pauper's case if satisfied that it is frivolous or malicious. 28 U.S.C. §1915(e)(2). A case may be dismissed for being frivolous if the claim has no realistic chance of ultimate success, or has no arguable basis in law and fact. *See Pugh v. Parish of St. Tammany*, 875 F.2d 436, 438 (5th Cir. 1989); *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). The determination of whether an action is frivolous or malicious may be made prior to service of process; therefore,

such claims are dismissible *sua sponte* prior to service under 28 U.S.C. § 1915 (e)(2). *Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990).

A Plaintiff proceeding pursuant to Section 1983 must show that he has been deprived of a right secured by the Constitution and laws of the United States, and that the deprivation was caused by a person acting under color of state law. *See e.g., Thorne v. Jones*, 765 F.2d 1270 (5th Cir. 1985), *cert. denied*, 475 U.S. 1016 (1986). In this case, Plaintiff, an inmate at the Bill Clements unit, asserts that his constitutional rights have been violated because the VA hospital will not accept him as a patient even though he is a disabled veteran. Plaintiff complains that he was taken to the VA hospital for "a day of test and evaluation," yet the hospital has denied his admittance without a proper explanation.

This Court knows of no law or statute that bestows upon a disabled veteran prisoner the constitutional right to be released from prison and admitted to a VA hospital. As explained in letters provided by Plaintiff from numerous personnel of the Department of Veterans Affairs (DVA) in Houston, veterans may only be accepted for hospital and domiciliary treatment by the VA when "released by an authorized official under circumstances where there is no legal obligation placed on the VA to exercise custodial restraint." This appears to the Court to be a very clear explanation of why Plaintiff is not eligible, at this time, for treatment at a VA hospital. Plaintiff was advised by the DVA to contact them about any health concerns he may have after he has been released from prison.

Plaintiff has wholly failed to show that he has been deprived of a right secured by the Constitution and laws of the United States. His complaint lacks an arguable basis in law and fact and fails to state a claim for which relief can be granted. Accordingly, it is the **RECOMMENDA-**

**TION** of this Court that the above-styled case be **DISMISSED with prejudice as frivolous pursuant to 28 U.S.C. §1915(e)(2).**

The Clerk shall send a copy of this Report and Recommendation to the Plaintiff by the means in place for transmission of same.  The Plaintiff shall have until **November 6, 2006,** in which to have written objections **physically on file** in the Office of the Clerk.  The objections shall be mailed to the Clerk's Office in Galveston, Texas 77553 at P.O. Drawer 2300. Failure to file written objections within the prescribed time shall bar an aggrieved party from attacking on appeal the proposed factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this the ___18th___ day of October, 2006.

_____
John R. Froeschner
United States Magistrate Judge